DARRELL GOBLE *et al.*, Petitioners-Appellants, *v.* BOARD OF EDUCATION OF IUKA COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 7, MARION COUNTY, Respondent-Appellee.

Fifth District   No. 79-467

Opinion filed April 8, 1980.

Hodson & Pennock, Ltd., of Centralia (Harold H. Pennock, Jr., of counsel), for appellants.

Wham & Wham, of Centralia (Richard A. Cary, of counsel), for appellee.

Mr. JUSTICE KARNS delivered the opinion of the court:

This is an appeal from a judgment of the Circuit Court of Marion County dismissing with prejudice a petition by voters contesting an election upon a school tax increase proposition held November 18, 1978, in Iuka Community Consolidated School District No. 7. The court declared the election results to be 232 "yes" and 229 "no", as found by the election judges.

The petitioners contend that it was error to count nine absentee ballots (eight voted "yes" and one voted "no") not endorsed with the initials of an election judge under section 9—14 of the School Code (Ill. Rev. Stat. 1977, ch. 122, par. 9—14) and section 19—9 of the Election Code (Ill. Rev. Stat. 1977, ch. 46, par. 19—9). Alternatively, petitioners

contend that the entire election was void for lack of certification of the voters' affidavit, under section 9—9 of the School Code (Ill. Rev. Stat. 1977, ch. 122, par. 9—9), by an election judge or other person authorized to administer oaths.

The parties stipulated that there was no fraud or intentional wrongdoing, that no unqualified voter did vote and that the election was properly conducted with the exception of the issues raised in the petition.

Joyce Hahn, secretary of the district's board of education, received the absentee ballots and the notarized applications of the absentee voters prior to the election. She kept the absentee ballots in sealed envelopes until the election when she delivered them together with the other election materials to Carolyn Becker, an election judge.

During the election Carolyn Becker entered into the poll book the names of the persons voting at the polling place. She also kept the affidavit of voters required by section 9—9 of the School Code, which each of the voters signed in her presence. However, the pages of the voters' affidavit were not signed by an election judge or otherwise certified.

Election judge Gertrude Mallot initialed and handed a ballot to each voter. Election judge Loretta Todd watched the voters place their ballots in the ballot box. Both Carolyn Becker and Loretta Todd testified that none of the absentee voters voted at the polls.

After the polls closed, Mrs. Mallot opened the envelopes containing the absentee ballots. She did not initial the absentee ballots before placing them in the stack of other ballots. Carolyn Becker entered the names of the absentee voters on the affidavit of voters rather than in the poll book.

We agree with the trial court's conclusion that exclusion of the uninitialed absentee ballots would be contrary to the decision in *Craig v. Peterson* (1968) 39 Ill. 2d 191, 233 N.E.2d 345. Specifically, *Craig* held the initialing requirement directory where the only paper ballots used in the election were those of the absentee voters. We find this reasoning is equally applicable in the case of the instant all-paper-ballot election. As in *Craig*, the sole irregularity complained of in the instant absentee ballots was the absence of endorsement by initialing of an election judge. The parties stipulated to the absence of fraud. It is undisputed that the absentee voters did everything in their power to exercise their right to vote and that there was no problem in identifying their ballots. Under these facts, where the exclusion of the nine uninitialed ballots would disenfranchise innocent voters without contributing to the integrity of the election, the initialing requirement must be held directory.

■■ We are mindful of the long line of cases holding that initialing of ballots is mandatory. (See, *e.g., Laird v. Williams* (1917), 281 Ill. 233, 118 N.E. 73; *Morandi v. Heiman* (1961), 23 Ill. 2d 365, 178 N.E.2d 314.) We

simply hold, consistently with *Craig v. Peterson*, that the initialing requirement is directory where uninitialed absentee ballots are positively identified as having been validly cast, and there is no suggestion of fraud or voting by unqualified persons.

■ We likewise hold that the provision for certification of the voters' affidavit under section 9—9 of the School Code by an election judge or other person authorized to administer oaths was directory under the instant facts. Consistent with the statute, the affidavit form contained spaces for the voters to sign their names and write their addresses beneath a printed statement that each undersigned was correctly representing his name and address, that he resided in the instant school district and that he was a qualified voter. Each voter signed and wrote his address on the affidavit prior to voting. However, no election judge signed the affidavit forms in the space provided at the bottom of each form. The failure of the election judges to sign or otherwise certify the voter's affidavit does not in itself constitute a sufficient basis to void the election. *Carr v. Board of Education* (1958), 14 Ill. 2d 40, 150 N.E.2d 583.

Petitioners contend that the *Carr* decision was impliedly overruled by the subsequent enactment of section 9—23 of the School Code (Ill. Rev. Stat. 1977, ch. 122, par. 9—23), which provided that knowing noncompliance with article 9 of the School Code and related provisions of the Election Code is a Class A misdemeanor. However, we do not believe that this enactment evidences a legislative intention to render the affidavit certification requirement mandatory in all cases, such that unknowing noncompliance without more would void an election.

We also agree with the trial court's conclusion that the error of election judge Carolyn Becker in signing the absentee voters' names to the affidavit of voters rather than into the poll book did not affect the honesty or integrity of the election.

The judgment of the Circuit Court of Marion County is affirmed.

Affirmed.

SPOMER and HARRISON, JJ., concur.